IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 5:20-cv-115-BO

Tonya Curtis, )
)
Plaintiff, )
)
v. ) ORDER
)
Kilolo Kijakazi, )
*Acting Commissioner of Social Security* )
Defendant. )

This cause comes before the Court on cross-motions for judgement on the pleadings. [DE 24, DE 29]. For the following reasons, plaintiff's motion for judgement on the pleadings is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for disability and disability insurance benefits pursuant to Title II of the Social Security Act as well as supplemental security income pursuant to Title XVI of the Social Security Act. Plaintiff protectively filed an application for supplemental security income on September 27, 2016, alleging disability onset beginning on April 2, 2005. After initial denials, plaintiff proceeded to a hearing before an Administrative Law Judge (ALJ) on November 9, 2018. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled. The denial became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

If at step one the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments (Listing) in 20

C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the Administrative Law Judge (ALJ) found that plaintiff had not engaged in substantial gainful activity since the date that her application was filed. At step two, the ALJ found plaintiff's left foot osteoarthritis, status post calcaneal fracture, obesity, affective disorder, anxiety disorder and history of drug and alcohol abuse were severe impairments. At step three, the ALJ found that plaintiff's impairments did not meet or equal a Listing either alone or in combination. The ALJ found that plaintiff could perform medium work subject to several limitations. At step four, the ALJ found that plaintiff has no past relevant work. At step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform.

Plaintiff challenges the ALJ's decision that plaintiff was not disabled within the meaning of the Act as not supported by substantial evidence. Plaintiff makes several arguments relating to the evidence considered by the ALJ, the ALJ's consideration of plaintiff's impairments, and the ALJ's assessment of the medical and opinion evidence. Upon review of the record and the ALJ's decision, the Court determines that the ALJ applied the correct legal standard and the decision is supported by substantial evidence.

First, plaintiff argues that the ALJ failed to demonstrate how the ALJ applied facts to law in determining the RFC. After careful consideration of evidence on the record, the ALJ determined that plaintiff's statements concerning the intensity, persistence, and limiting effects of her reported symptoms were not entirely consistent with plaintiff's medical records. The ALJ explained how she gave significant weigh to the reports of plaintiff's physical condition by Dr. Karen Roane and Dr. Judy Heller, State Agency medical consultants. Both doctors found that plaintiff could conduct work of a medium exertional level, that plaintiff could frequently climb ramps but only occasionally climb ladders or scaffolds in part due to her history of a left heel fracture. Both doctors agreed that plaintiff had tenderness in her heel, but that she could walk effectively, had good range of motion, and normal strength.

Plaintiff specifically alleges that the ALJ failed to explain how she weighed evidence from State Agency psychological consultant Linette Castillo. Dr. Castillo found that plaintiff could perform complex and simple, repetitive, and routine tasks while limiting interaction with co-workers and the public. Mental examinations showed plaintiff's behavior to be appropriate and cooperative during therapy sessions. Plaintiff's cognition appeared to be intact. Plaintiff's insight and judgement were found to be moderate. There were no deficits in plaintiff's memory, attention span, or concentration. The ALJ states that she gave Dr. Castillo's report some weight, but the ALJ took into consideration that Dr. Castillo examined plaintiff when plaintiff had only limited treatment for her psychological conditions. Tr. 23. The record shows that the ALJ cited substantial evidence adequate to support her conclusion. *See Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

Second, plaintiff argues that the ALJ failed incorporate non-exertional limitations relating to plaintiff's alleged inability to stay on task in plaintiff's final RFC. The ALJ stated that she

incorporated plaintiff's mental impairments into the RFC. Tr. 24. The ALJ noted that some of plaintiff's mood issues were address with medication during the periods of time plaintiff took medication. Tr. 24. After plaintiff's mental and physical impairments were determined, a vocational expert testified that plaintiff could perform the following medium unskilled occupations without issue: cleaner, laundry worker, and hand packager. Tr. 25. These positions exist in substantial number in the national economy. The record shows that the ALJ gave weight to the vocational expert's testimony in determining the types of jobs plaintiff could perform.

The Court finds no error in the ALJ's analysis or explanation of the weight afforded to the opinions rendered by the consulting physicians and the vocational expert. The RFC finding is sufficiently supported by substantial evidence.

CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgement on the pleadings [DE 24] is DENIED and defendant's motion [DE 29] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 15 day of September, 2021.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE